UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA G. MILLSAPS,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM INSURANCE COMPANIES,<br><br>Defendant. | Case No. 2:24-cv-3673-DC-JDP (PS)<br><br>ORDER |

Plaintiff brings this action *pro se*, alleging that defendant failed to pay out benefits under an insurance policy. Her complaint neither establishes a basis for federal jurisdiction nor sufficiently alleges a cognizable claim. I will therefore dismiss it with leave to amend. I will also grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

According to the complaint and its attachments, in January 2023, plaintiff's residential property was damaged in a storm. ECF No. 1 at 5, 13, 26. Plaintiff submitted a claim to her insurance provider, defendant State Farm Insurance Company, to cover the cost of repairs, which totaled $65,372. *Id.* at 5, 7. Plaintiff claims that defendant refused to cover the total amount, agreeing only to pay $4,922.21. *Id.* at 7.

Plaintiff's complaint fails to provide a basis for this court's subject matter jurisdiction. Plaintiff checked the box for "federal question," *id.* at 3, but her complaint does not allege a federal claim. Indeed, it does not identify any specific cause of action. The complaint's allegations suggest that plaintiff may be attempting to bring a state law breach of contract claim. However, the complaint fails to demonstrate that diversity jurisdiction is present. Diversity

1  jurisdiction exists in all civil actions in which there is complete diversity of citizenship of the
2  parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff alleges that
3  she is a citizen of California, and that defendant is incorporated, and has its principal place of
4  business, in California. ECF No. 1 at 4-5. Thus, the complaint's allegations show that diversity
5  of citizenship is lacking. Moreover, plaintiff alleges that damage to her property totaled $65,372,
6  which is less than the $75,000 jurisdictional threshold.[1]

7        The complaint is also subject to dismissal for failure to state a claim. A breach of contract
8  claim under California law requires the following elements: (1) the existence of a contract; (2) the
9  plaintiff's performance; (3) the defendant's breach of the contract; and (4) damages flowing from
10 the breach. *See CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).
11 Additionally, "[t]he complaint must identify the specific provision of the contract allegedly
12 breached by the defendant." *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 930 (N.D. Cal. 2012)
13 (citation omitted). The complaint's limited allegations merely reflect plaintiff's contention that
14 defendant's payment of $4,922.21 was insufficient to cover all property damage. Plaintiff neither
15 provides allegations showing that she was entitled to greater compensation under the policy nor
16 specifies the provisions of the contract that defendant allegedly breached.

17       Accordingly, the complaint is dismissed for lack of jurisdiction and failure to state a
18 claim. I will allow plaintiff a chance to amend her complaint before recommending that this
19 action be dismissed. Plaintiff should also take care to add specific factual allegations against
20 defendant. If plaintiff decides to file an amended complaint, the amended complaint will

---

[1] Plaintiff alleges that after defendant refused to cover the full amount of damages, she sold her home for $40,000 less than she would have had defendant covered all repairs. Under California law, a plaintiff may recover only *foreseeable* damages from a breach of contract. *Archdale v. American Intern. Specialty Lines Ins. Co.*, 154 Cal. App. 4th 449, 469 (2007). The complaint's vague allegations fail to show that the $40,000 in damages related to the sale of the home were foreseeable, and therefore this amount is not included in calculating the amount in controversy. *Cf. Lange v. State Farm Mut. Auto. Ins. Co.*, No. SA CV 08-4666 DOC (RZx), 2009 WL 322835, at *2 (C.D. Cal. Feb. 9, 2009) (holding that since punitive damages are not available for a breach of contract claim under California law, "punitive damages cannot be included in the amount in controversy"); *see also Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (holding that the proponent of federal jurisdiction has the burden of establishing that the amount in controversy is satisfied).

supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   February 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4